1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                                  DISTRICT OF NEVADA

10                                        * * *

11    WASHOE-MILL APARTMENTS,                    Case No. 3:12-cv-00418-MMD-WGC

12                                  Plaintiff,                      ORDER
              v.
13
      U.S. BANK NATIONAL ASSOCIATION,
14
                                  Defendant.
15

16    U.S. BANK NATIONAL ASSOCIATION,

17                            Counterclaimant,

18            v.

19    WASHOE-MILL APARTMENTS;
      SECRETARY SHAUN DONOVAN,
20
                            Counter-defendants.
21

22    I.      SUMMARY

23            Before the Court is Plaintiff/Counter-defendant Washoe-Mill Apartments' ("WMA")

24    Motion to Alter or Amend Judgment (dkt. no. 44), and U.S. Bank's Motion to Dismiss

25    (dkt. no. 35), Motion to Be Relieved as Stakeholder (dkt. no. 37), and Motion for

26    Attorneys' Fees and Costs (dkt. no. 38). For the reasons set forth below, WMA's Motion

27    is denied, U.S. Bank's Motion to Dismiss is granted, and U.S. Bank's Motions to Be

28    Relieved as Stakeholder and Motion for Attorneys' Fees and Costs are denied.

II.    BACKGROUND

The parties agree on the majority of the facts in this case. WMA is a Nevada General Partnership comprised of eight partners. WMA entered into a partnership agreement in order to construct and operate a United States Department of Housing and Urban Development ("HUD") subsidized facility for seniors and disabled citizens, the Washoe-Mill Apartments. (Dkt. no. 1 ¶ 4.) In 1993, Bank of America Nevada ("BOAN") and the Washoe Housing Finance Corporation ("WHFC") entered into a Trust Indenture Agreement ("Agreement") regarding bonds used to refinance WMA's mortgage loans for the WMA facility. (Dkt. no. 21 at 3.) The Agreement was executed pursuant to HUD's tax-exempt bond financing program regulations. (*Id.*) Under the Agreement, BOAN was the trustee of the bond proceeds and was charged with making payment to bondholders. (*Id.* at 4.) U.S. Bank is BOAN's successor in interest under the Agreement. (*Id.* at 4; dkt. no. 1 ¶ 5.) HUD states that these bonds were tax-exempt, the mortgage was insured by HUD, and WMA received rental subsidies from HUD. (*See* dkt. no. 21 at 3.)

The WMA facility was sold on January 21, 2011, and the payoff amount for the mortgage loan was remitted as full settlement of the mortgage. (*See id.* at 3-4; dkt. no. 1 ¶ 6.) A year later, in January 2012, a trust officer for U.S. Bank informed WMA that it had conducted an audit that revealed the existence of $229,160.81 remaining in the trust account. (*See* dkt. no. 21 at 4.) U.S. Bank conducted an investigation to determine who the funds belonged to but was unable to reach a conclusion. (*See* dkt. nos. 21 at 4; 1 ¶ 8.) U.S. Bank declares that it has no beneficial interest in the remaining balance. (*See* dkt. no. 6 ¶ 20.)

WMA asserts a single claim for conversion. WMA asks that this Court grant it damages for the full amount remaining in the trust, as well as prejudgment and postjudgment interest and the cost of the suit.

On October 9, 2012, U.S. Bank answered the Complaint and brought a counterclaim for interpleader against WMA and HUD. (Dkt. no. 6.) On December 18, 2012, Counter-defendant HUD answered and set forth a prayer for relief asking for the

1    full amount remaining in the trust and the cost of the suit. (Dkt. no. 15.) HUD moved for

2    summary judgment on February 14, 2013. (Dkt. no. 21.) The Court issued its Order on

3    September 30, 2013 ("Summary Judgment Order"). (Dkt. no. 43.) On October 14, 2013,

4    WMA filed its Motion to Alter or Amend Judgment (dkt. no. 44).

5         U.S. Bank filed a Motion to Dismiss (dkt. no. 35), Motion to be Relieved as

6    Stakeholder (dkt. no. 37), and Motion for Attorneys' Fees and Costs (dkt. no. 38). The

7    Court has considered the briefing on these motions as well as the supplemental briefing

8    in response to the Court's February 27, 2014, Minute Order (dkt. no. 50). (Dkt. nos. 39,

9    40, 41, 42, 51, 52.)

10        During the pendency of the case, U.S. Bank has deposited $229,160.81 in

11   interpleaded funds into the registry of the Court. (Dkt. no. 26.)

12   **III.   MOTION TO ALTER OR AMEND JUDGMENT**

13        **A.   Legal Standard**

14        Although not mentioned in the Federal Rules of Civil Procedure, motions for

15   reconsideration may be brought under Rules 59(e) and 60(b). *Sch. Dist. No. 1J,*

16   *Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). WMA brings

17   its Motion to Alter or Amend exclusively under Rule 59(e), which provides that any

18   motion to alter or amend a judgment shall be filed no later than 28 days after entry of the

19   judgment. Fed. R. Civ. P. 59(e). The Ninth Circuit has held that a Rule 59(e) motion for

20   reconsideration should not be granted "absent highly unusual circumstances, unless the

21   district court is presented with newly discovered evidence, committed clear error, or if

22   there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v.*

23   *Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (*quoting 389 Orange*

24   *Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

25        A motion for reconsideration must set forth the following: (1) some valid reason

26   why the court should revisit its prior order; and (2) facts or law of a "strongly convincing

27   nature" in support of reversing the prior decision. *Frasure v. United States*, 256 F. Supp.

28   2d 1180, 1183 (D. Nev. 2003). On the other hand, a motion for reconsideration is

1  properly denied when the movant fails to establish any reason justifying relief. *Backlund*

2  *v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (holding that a district court properly

3  denied a motion for reconsideration in which the plaintiff presented no arguments that

4  were not already raised in his original motion). Motions for reconsideration are not "the

5  proper vehicles for rehashing old arguments," *Resolution Trust Corp. v. Holmes*, 846 F.

6  Supp. 1310, 1316 (S.D. Tex. 1994) (footnotes omitted), and are not "intended to give an

7  unhappy litigant one additional chance to sway the judge." *Durkin v. Taylor*, 444 F. Supp.

8  879, 889 (E.D. Va. 1977).

9      **B.      Discussion**

10          WMA's Motion was timely filed under Rule 59(e). WMA addresses no new facts or

11  a change in law, but argues that the Court committed clear error in finding that HUD met

12  its burden in demonstrating that there is no genuine issue of material fact. Additionally,

13  WMA asserts that it met its burden in demonstrating that there is a genuine issue of

14  material fact. WMA's primary argument in its Motion is that there was a miscalculation of

15  the mortgage payoff at the time of sale and thus Section 413 of the Agreement was not

16  satisfied in HUD's favor. (*See* dkt. no. 44.)

17          The Court declines to reconsider its Summary Judgment Order. Regarding HUD's

18  satisfaction of its burden, as the Court previously stated, HUD demonstrated that it was

19  the rightful owner under the plain language of the Agreement. WMA's only new

20  argument is that the Court erroneously relied on U.S. Bank's response to HUD's

21  Interrogatory Number 2 as evidence that the disputed funds represent money remaining

22  in all Funds as described in the Agreement. (*See* dkt. no. 44 at 4.) WMA argues that

23  U.S. Bank is estopped from raising this argument and thus the Court should not have

24  considered it. First, the Court's conclusion that HUD had met its burden was not

25  dependent on the challenged piece of evidence, thus its consideration of WMA's

26  estoppel argument would not result in amendment to its Summary Judgment Order.

27  Second, the Court disagrees that U.S. Bank was estopped from stating that the

28  interpleaded funds are monies remaining in all funds as described in section 413 of the

1 Agreement. WMA's estoppel argument is dependent on its claim that a January 2012

2 email from a U.S. Bank Trust Officer to her supervisor regarding the owner of the funds

3 is evidence that U.S. Bank has taken a position regarding the true owner of the funds.

4 The Court already considered this evidence in its Summary Judgment Order and

5 concluded that U.S. Bank has not taken an official position. (*See* dkt. no. 43 at 6.)

6     In arguing that WMA met its burden to demonstrate there is a genuine issue of

7 material fact, WMA simply repeats its previous arguments. The Court carefully

8 considered these arguments in issuing its Summary Judgment Order and declines to

9 repeat its analysis.

10     The Court therefore denies WMA's Motion to Alter or Amend.

11 **IV.    U.S. BANK'S PENDING MOTIONS[1]**

12     **A.    Motion to Dismiss (dkt. no. 35)**

13         **1.    Legal Standard**

14     A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

15 relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide

16 "a short and plain statement of the claim showing that the pleader is entitled to relief."

17 Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While

18 Rule 8 does not require detailed factual allegations, it demands more than "labels and

19 conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v.*

20 *Iqbal*, 556 US 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

21 "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550

22 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient

23

24 —————————————

25     [1]U.S. Bank originally filed all three of its pending motions as a single document.
(Dkt. no. 35.) After being ordered to comply with Special Order 109, requiring that

26 parties' submit distinct motions as separate filings, U.S. Bank filed its Motion to be
Relieved as Stakeholder (dkt. no. 37), and Motion for Attorneys' Fees and Costs (dkt. no.

27 38) as separate documents. While all three motions (dkt. nos. 35, 37, 38) are identical
documents addressing all three forms of requested relief, the Court will address each

28 form of requested relief in turn.

1    factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at

2    678 (internal citation omitted).

3       In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to

4    apply when considering motions to dismiss. First, a district court must accept as true all

5    well-pled factual allegations in the complaint; however, legal conclusions are not entitled

6    to the assumption of truth. *Id.* at 679. Mere recitals of the elements of a cause of action,

7    supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district

8    court must consider whether the factual allegations in the complaint allege a plausible

9    claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint

10   alleges facts that allow a court to draw a reasonable inference that the defendant is

11   liable for the alleged misconduct. *Id.* at 678. Where the complaint does not permit the

12   court to infer more than the mere possibility of misconduct, the complaint has "alleged –

13   but not shown – that the pleader is entitled to relief." *Id.* at 679 (internal quotation marks

14   omitted). When the claims in a complaint have not crossed the line from conceivable to

15   plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

16       A complaint must contain either direct or inferential allegations concerning "all the

17   material elements necessary to sustain recovery under *some* viable legal theory."

18   *Twombly*, 550 U.S. at 562 (*quoting Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101,

19   1106 (7th Cir. 1989) (emphasis in original)).

20       **2.**    **Discussion**

21       WMA brings a single claim against U.S. Bank for conversion. (*See* dkt. no. 1 at 2.)

22   U.S. Bank moved for dismissal of WMA's conversion claim before this Court had issued

23   its Order granting summary judgment in favor of HUD. On February 27, 2014, the Court

24   ordered U.S. Bank and WMA to file supplemental briefs addressing the effect, if any, that

25   its Summary Judgment Order has on WMA's conversion claim. (Dkt. no. 50.)

26       In order to assert a claim for conversion, WMA must prove that "a distinct act of

27   dominion [has been] wrongfully exerted over [its] personal property in denial of, or

28   inconsistent with, title or rights therein or in derogation, exclusion or defiance of such

rights." *Edwards v. Emperor's Garden Rest.*, 130 P.3d 1280, 1287 (2006). In support of its allegation that U.S. Bank's actions were an exertion of wrongful dominion, WMA states that "US Bank has wrongfully exerted dominion over WMA's personal property, $222,660.81, funds arising from the miscalculation of the mortgage payoff at time of sale." (Dkt. no. 1 ¶ 10.) WMA further alleges that "US Bank's refusal to pay the surplus funds in the trust account to WMA is in denial of, or inconsistent with, WMA's title or rights to the funds." (*Id.* ¶ 11.)

While the Court construes all well-pled factual allegations in the Complaint as true on a motion to dismiss, the Court's Summary Judgment Order is the law of this case. In its Summary Judgment Order, the Court held that HUD was the rightful owner of the funds. It is, therefore, not plausible for the Court to find that the disputed funds are WMA's personal property and that U.S. Bank's refusal to pay the funds to WMA was wrongful. As a result, as a matter of law, WMA cannot demonstrate that U.S. Bank exerted wrongful dominion over the funds at issue in this case based on the Complaint's allegations. WMA's conversion claim against U.S. Bank is dismissed.

**B.    Motion to be Relieved as Stakeholder (dkt. no. 37)**

U.S. Bank asks this Court to remove it as stakeholder, dismiss it from this action, and enjoin WMA and HUD from filing any other action against it as related to the funds at issue in this case. HUD does not oppose U.S. Bank's Motion to be relieved as Stakeholder. WMA argues that U.S. Bank is not a disinterested party because of WMA's conversion claim. (*See* dkt. no. 41 at 5.)

While there are no remaining claims against U.S. Bank, the Court denies U.S. Bank's Motion without prejudice until the issue of U.S. Bank's attorneys' fees and costs has been resolved.

**C.    Motion for Attorneys' Fees and Costs (dkt. no. 38)**

U.S. Bank requests $39,674.92 in fees and costs both for its work as interpleader and for its work defending against WMA's conversion claim. HUD and WMA agree that, to the extent the Court determines U.S. Bank is a disinterested party at this juncture,

1   U.S. Bank has the right to attorneys' fees and costs as related to its role as an

2   interpleading party. (*See* dkt. nos. 39 at 3; 41 at 5.) "[T]he proper rule, in an action in the

3   nature of interpleader, is that the plaintiff should be awarded attorney fees for the

4   services of his attorneys in interpleading." *Schirmer Stevedoring Co. Ltd. v. Seaboard*

5   *Stevedoring Corp.*, 306 F.2d 88, 195 (9th Cir. 1962). However, it is in the discretion of

6   the district court to determine the amount of fees to be awarded in an interpleader

7   action. *See Trustees of Dir.'s Guild of America-Producer Pension Benefits Plans v. Tise*,

8   234 F.3d 415, 426 (9th Cir. 2000) (*citing Schirmer Stevedoring Co.*, 306 F.2d at 194).

9          The total amount of fees U.S. Bank requests includes all of its litigation costs, not

10   just those associated with its role as interpleader. HUD and WMA argue[2] that U.S. Bank

11   is only entitled to a portion of its requested fees under the interpleader case law. HUD

12   and WMA assert that the tasks U.S. Bank was responsible for as an interpleading party

13   should have taken no more than six hours and that, based on an average of the

14   divergent hourly rates charged by U.S. Bank's litigation team members, U.S. Bank is

15   only owed $2,310.00. (*See* dkt. no. 39 at 5.) HUD and WMA provide no indication of why

16   six hours precisely is appropriate, nor do they cite any case law suggesting that simply

17   averaging hourly rates is an appropriate method for calculating attorneys' fees. The

18   Court agrees that U.S. Bank is entitled to reasonable attorneys' fees and costs in its role

19   as interpleader, however it is unable to determine an appropriate calculation as U.S.

20   Bank has failed to delineate the fees and costs it incurred as interpleader. U.S. Bank is

21   therefore given leave to bring a motion seeking its attorneys' fees and costs related to its

22   role as interpleader, attaching an affidavit delineating all relevant fees and costs.

23   ///

24

25          [2]HUD's Response to U.S. Bank's Motion for Attorneys' Fees and Costs (dkt. no.

26   39) provides HUD's argument for what U.S. Bank is entitled to as interpleader. In WMA's
     Response (dkt. no. 41), WMA states that were the Court to determine that U.S. Bank is

27   entitled to a discharge as a disinterested stakeholder, "WMA joins HUD in its Response
     to U.S. Banks Motion for Fees and Costs and incorporates the same in this Response as

28   if set forth in its entirety in this Response." (*Id.* at 5 (citation omitted).)

1    U.S. Bank also appears to seek its attorneys' fees and costs related to its defense

2    of WMA's conversion claim. The basis for this relief, U.S. Bank argues, is the

3    Agreement's provision of "all reasonable expenses" incurred by the Trustee in

4    accordance with the Agreement's requirements. (*See* dkt. no. 35 at 9.) HUD does not

5    address this argument. WMA simply argues in its Response that U.S. Bank's request for

6    fees associated with its defense is premature until the Court considers U.S. Bank's

7    Motion to Dismiss the conversion claim. (*See* dkt. no. 41 at 5-6.) To the extent that U.S.

8    Bank seeks attorneys' fees and costs associated with its defense in this case now that

9    the conversion claim has been dismissed, it may file a separate motion explaining the

10   contractual basis for that relief and delineating the relevant costs.

11   **V.    CONCLUSION**

12       The Court notes that the parties made several arguments and cited to several

13   cases not discussed above. The Court has reviewed these arguments and cases and

14   determines that they do not warrant discussion as they do not affect the outcome of the

15   Motions.

16       It is therefore ordered that Washoe-Mill Apartments' Motion to Alter or Amend

17   Judgment (dkt. no. 44) is denied.

18       It is further ordered that U.S. Bank's Motion to Dismiss (dkt. no. 35) is granted.

19       It is further ordered that U.S. Bank's Motion to be Relieved as Stakeholder (dkt.

20   no. 37) is denied without prejudice until its requested attorneys' fees and costs have

21   been ordered.

22       It is further ordered that U.S. Bank's Motion for Attorneys' Fees and Costs (dkt.

23   no. 38) is denied without prejudice. U.S. Bank is granted leave to bring a motion seeking

24   only its attorneys' fees and costs related to its role as interpleader, attaching an affidavit

25   delineating all relevant fees and costs. To the extent that U.S. Bank seeks attorneys'

26   ///

27   ///

28   ///

fees and costs associated with its defense in this case, it may file a separate motion explaining the contractual basis for that relief and delineating its defense costs.

DATED THIS 25th day of March 2014.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE