UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| WASHOE-MILL APARTMENTS, | Case No. 3:12-cv-00418-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| U.S. BANK NATIONAL ASSOCIATION, | |
| Defendant. | |
| U.S. BANK NATIONAL ASSOCIATION, | |
| Counterclaimant, | |
| v. | |
| WASHOE-MILL APARTMENTS; SECRETARY SHAUN DONOVAN, | |
| Counter-Defendants. | |

I.    **SUMMARY**

Before the Court are two motions for fees and costs filed by U.S. Bank National Association ("U.S. Bank"). (Dkt. nos. 54, 55.)

II.    **BACKGROUND**

A.    **Relevant Facts**

The relevant facts are recited in the Court's previous Orders. The Court will summarize the facts relevant to the Motions.

Plaintiff and Counter-Defendant Washoe-Mill Apartments ("WMA") entered into a partnership agreement in order to construct and operate a United States Department of

Housing and Urban Development ("HUD") subsidized facility for seniors and disabled citizens, the Washoe-Mill Apartments. In 1993, Bank of America Nevada ("BOAN") and the Washoe Housing Finance Corporation ("WHFC") entered into a Trust Indenture Agreement ("Agreement") regarding bonds used to refinance WMA's mortgage loans for the WMA facility. Under the Agreement, BOAN was the trustee of the bond proceeds and was charged with making payments to bondholders. These bonds were tax-exempt, the mortgage was insured by HUD, and WMA received rental subsidies from HUD. U.S. Bank is BOAN's successor in interest under the Agreement.

The WMA facility was sold on January 21, 2011, and the payoff amount for the mortgage loan was remitted as full settlement of the mortgage. A year later, in January 2012, a trust officer for U.S. Bank informed WMA that it had conducted an audit that revealed the existence of $229,160.81 remaining in the trust account. U.S. Bank conducted an investigation to determine who the funds belonged to but was unable to reach a conclusion; U.S. Bank asserts no beneficial interest in the remaining balance.

### B.     Procedural History

On August 8, 2012, WMA initiated this action against U.S. Bank, asserting a single claim for conversion. On October 9, 2012, U.S. Bank answered and brought a counterclaim for interpleader against WMA and HUD. (Dkt. no. 6.) On February 5, 2013, the Court held a scheduling conference in response to U.S. Bank's request. The parties advised the Court of their respective positions, including HUD's plan to seek summary judgment and U.S. Bank's plan to file a motion to interplead the disputed funds. (Dkt. no. 19.) The parties stipulated to interplead the funds without requiring U.S. Bank to file a motion. (Dkt. no. 22.)  HUD subsequently moved for summary judgment, which the Court granted. The Court found that the funds belong to HUD, and further ruled that it would order disbursement once U.S. Bank's request for fees and costs had been adjudicated. (Dkt. no. 43.) In a subsequent Order, the Court found that U.S. Bank is entitled to reasonable attorneys' fees and costs in its role as interpleader, but was unable to determine an appropriate calculation because U.S. Bank failed to delineate the fees and

costs it incurred as interpleader. (Dkt. no. 53.) The Court gave U.S. Bank leave to bring another motion for attorneys' fees relating to its role as interpleader and a separate motion for attorneys' fees relating to its defense of the conversion claim. (*Id.*)

These motions are now before the Court. Although HUD filed responses to both motions, the responses are the same. (Dkt. nos. 62, 63.) WMA opposed the motion for fees relating to U.S. Bank's defense of WMA's claim and joined in HUD's responses. (Dkt. nos. 61, 64.) U.S. Bank filed reply briefs. (Dkt. nos. 70, 71.)

### III. MOTION FOR FEES AND COSTS RELATED TO THE INTERPLEADER ACTION (DKT NO. 54)

The Court has determined that U.S. Bank is entitled to reasonable attorneys' fees and costs relating to its role as interpleader. (Dkt. no. 53.) The only issue remaining is whether U.S. Bank's requested fees are reasonable. In its first motion for fees, U.S. Bank requested $39,674.92 for fees and costs, but failed to delineate fees and costs relating to its role as interpleader. (Dkt. no. 38 at 13.) In its current motion, U.S. Bank requests $29,148.41 as fees and costs relating to the interpleader action. (Dkt. no. 54.) The Court agrees with HUD that the fees requested exceed the scope of U.S. Bank's role as interpleader.

The parties agree that the determination of the amount of fees to be awarded in an interpleader action is committed to the Court's discretion. *See Trs. of Dirs. Guild of Am. v. Tise*, 234 F.3d 415, 426 (9th Cir. 2000) (citing *Schirmer Stevedoring Co. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 194 (9th Cir. 1962)). "Because the interpleader plaintiff is supposed to be disinterested in the ultimate disposition of the fund, attorneys' fee awards are properly limited to those fees that are incurred in filing the action and pursuing the [interpleader's] release from liability, *not* in litigating the merits of the adverse claimants' positions." *Id.* (citing *Schirmer,* 306 F.2d at 194). Due to the narrow role of the interpleader, the fees awarded to the interpleader "are typically limited." *Id.*

///

The information submitted in support of U.S. Bank's request creates a challenge for the Court in exercising its discretion here. U.S. Bank concedes that the interpleader is not complex, but contends that it has been forced to actively litigate this case in part because of WMA's conversion claim, which it claims is so intertwined with the interpleader action that it is difficult to separate the fees incurred.[1]  This would suggest that the defense of the conversion claim would have involved more work and thus should have resulted in more substantial fees, but U.S. Bank's request allocates the majority of the fees — about 75% of the initial fees requested — to the interpleader action.[2]  As for the motion practice relating to the interpleaded funds, U.S. Bank's response to HUD's motion for summary judgment mainly addresses its request for fees and is not complicated. (Dkt. no. 27.)   U.S. Bank also claims that it has had to participate in discovery, but fails to identify what discovery would have been related to the interpleader action.  In the Stipulated Discovery Plan and Scheduling Order, HUD contended that no discovery was needed, WMA identified that discovery would be needed on accounting of the funds and calculations of repayment under Section 413 of the Agreement, and U.S. Bank maintained that if it was not dismissed, then discovery would be needed. (Dkt. no. 20.) This would suggest that most, if not all, discovery conducted related to WMA's conversion claim. Moreover, U.S. Bank identifies work before it filed its counterclaim for interpleader as services related to both the interpleader and the defense of WMA's conversion claim, but those services appear to be related to the response to the conversion claim.

The Court agrees with HUD that the interpleader action is rather straightforward. U.S. Bank asserted a counterclaim for interpleader, prepared a motion to interplead that was never filed because the parties stipulated to interplead the funds, responded to

---

[1]While it may be a challenge to separate the billings for the interpleader and the defense work, this was primarily due to counsel's failure to maintain separate billings to begin with.

[2]U.S. Bank now requests $21,830.09 for fees relating to its defense of WMA's conversion claim. (Dkt. no. 55 at 10.)

HUD's motion for summary judgment asserting entitlement to the interpleaded funds by raising a claim for fees, and filed multiple requests for fees and one motion to be relieved as a stakeholder. Services rendered in connection with these tasks relate to U.S. Bank's role as interpleader and the resulting fees incurred are reasonable. However, the fees identified in the billings submitted with U.S. Bank's motion exceed the scope of these tasks. U.S. Bank is therefore directed to submit an affidavit of fees to identify the fees incurred relating to these tasks.

## IV. MOTION FOR FEES AND COSTS RELATED TO DEFENSE OF WMA'S CONVERSION CLAIM (DKT. NO. 55)

U.S. Bank seeks reimbursement of fees relating to its defense of WMA's conversion claim from the interpleaded funds. "In federal litigation, the American Rule generally precludes an award of attorneys' fees absent statutory authorization or an enforceable contractual fees provision." *Golden Pisces, Inc. v. Fred Wahl Marine Const. Inc.*, 495 F.3d 1078, 1081 (9th Cir. 2007). U.S. Bank argues that it is entitled to fees incurred in this case under the contractual fee provisions found in sections 705(2) and (4) of the Agreement. WMA counters that section 705 is not an attorneys' fees provision. The Court agrees.

The provisions in section 705 that U.S. Bank relies upon do not expressly address an award of attorneys' fees to the prevailing party in the event of a dispute. Section 705 provides that "[t]he Issuer [WMA] agrees that the Trustee [U.S Bank] shall:

> (2) except as otherwise expressly provided herein, be reimbursed upon its request for all reasonable expenses, disbursements and advances incurred or made by the Trustee in accordance with any provision of this Indenture (including the reasonable compensation and the expenses and disbursements of its agents and counsel), except any such expense, disbursement or advance as may be attributable to its negligence or bad faith as determined by a court of competent jurisdiction;
>
> * * *
>
> (4) be indemnified and held harmless against any loss, liability or expense incurred without negligence or bad faith on its part, arising out of or in connection with the acceptance or administration of this trust, including the costs and expenses of defending itself against any claim or liability in connection with the exercise or performance of any of its powers or duties hereunder.

5

(Dkt. no. 27-2 at 55.) Section 705(2) addresses reimbursement of "expenses, disbursements and advances." (*Id.*) Section 705(4) addresses WMA's indemnification obligations arising out of the administration of the trust. (*Id.*) Neither section allows for an award of fees to the prevailing party. U.S. Bank, however, has not asserted a claim for breach of section 705's expense or indemnification provisions against WMA, and the issue of whether WMA's conversion claim falls within section 705 has not been adjudicated. In fact, that issue is not even presented in this case. U.S. Bank is essentially attempting to improperly use section 705 as a device for overcoming the American Rule.

For these reasons, U.S. Bank's request for fees relating to its defense of WMA's conversion claim is denied.

## V.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of U.S. Bank's motions.

It is therefore ordered that U.S. Bank's Motion for Fees and Costs Related to the Interpleader Action (dkt. no. 54) is granted in part and denied in part. The requested costs are granted. The requested fees are denied. U.S. Bank has fifteen (15) days to submit an affidavit of fees from its counsel identifying the fees incurred relating to the tasks that the Court determined to have been performed in connection with the interpleader action. HUD has fifteen (15) days to object and in that event, U.S. Bank has fifteen (15) days to respond. Upon the Court's resolution of the amount of fees, U.S. Bank will be relieved as a stakeholder in this action.

///

///

///

///

1    It is further ordered that U.S. Bank's Motion for Fees and Costs Related to Its

2 Defense of Washoe-Mill Apartment's Conversion Claim (dkt. no. 55) is denied.

3    DATED THIS 27th day of March 2015.

4

5

6                                                    MIRANDA M. DU
                                                     UNITED STATES DISTRICT JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28