UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| WASHOE-MILL APARTMENTS,<br><br>          Plaintiff,<br>  v.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br><br>          Defendant. | Case No. 3:12-cv-00418-MMD-WGC<br><br>ORDER |
| U.S. BANK NATIONAL ASSOCIATION,<br><br>          Counterclaimant,<br>  v.<br><br>WASHOE-MILL APARTMENTS;<br>SECRETARY SHAUN DONOVAN,<br><br>          Counter-Defendants. | |

The Court previously denied U.S. Bank National Association's request for fees relating to the interpleader action, finding that its requested fees of $29,148.41 exceeded the scope of U.S. Bank's role as interpleader. (Dkt. no. 76.) The Court noted that services rendered in connection with tasks relating to U.S. Bank's counterclaim for interpleader appear to be limited to: the motion to interplead that was never filed because the parties stipulated to interplead the funds, response to HUD's motion for summary judgment, motion to be relieved as a stakeholder, and requests for fees. However, the difficulty the Court had with U.S. Bank's second motion for fees was that, as presented, the Court would be required to shift through the billings to determine what

services provided really relate to these tasks. The Court directed U.S. Bank to submit an affidavit of fees to identify the fees incurred relating to these tasks.

In response, U.S. Bank essentially submits the same billings (and billings in connection with its request for attorneys' fees since the second motion for fees was filed) and removed some items as combined billings. (Dkt. no. 77.) U.S. Bank requests that the fees billed for the combined billings be split 50%-50% instead of its previously proposed 75%-25% split. U.S. Bank then requests $32,620.40, which reflects additional fees incurred on its motion for attorneys' fees.

The Court finds that U.S. Bank has not demonstrated that the fees requested are directly related to the interpleader action or are even reasonable. It is not clear why U.S. Bank proposes to do a fifty-fifty split on tasks that involved the claim and the interpleader. It appears to the Court that some tasks would relate more to non-recoverable costs and less to the interpleader action. For example, U.S. Bank's response to HUD's motion for summary judgment mainly involved U.S. Bank's request for fees under the Trust Indenture Agreement. (Dkt. no. 27.) An even split of fees for this task does not seem to be reasonable.

The Court has given U.S. Bank two opportunities to submit requests for fees relating to the interpleader action, but U.S. Bank has failed to demonstrate that its fees requests are related to the interpleader action and are reasonable. While HUD asks that the Court disallow fees entirely or award no more than $2,310.00, the Court finds that either alternative would be unfair. In light of U.S. Bank's failure to demonstrate that the amount of fees requested are reasonable, the Court finds that a reasonable and fair approach is to award U.S. Bank the amount of fees it identified as relating to the interpleader action, but not any of the fees relating to the combined billings for the claim and the interpleader. Accordingly, the Court will award U.S. Bank $18,891.90.

It is therefore ordered that U.S Bank be awarded fees in the amount of $18,891.90 and costs in the amount of $228.91.  It is further ordered that U.S. Bank and HUD shall file a notice with the Court to identify the address for the funds to be sent

within five (5) days from issuance of this Order.  Upon receipt of said notice, the Clerk is directed to disburse the interpleaded funds as follows: (1) $18,891.90 to U.S. Bank National Association; and (2) the balance of the interpleaded funds to the Secretary of the Department of Housing and Urban Development.

DATED THIS 18th day of May 2015.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE